UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON AUE<br><br>  Plaintiff,<br><br>  v.<br><br>CAROL ROBINSON and CAROL ROBINSON IRREVOCABLE TRUST<br><br>  Defendants. | Case No. 3:24-cv-02299-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a jurisdictional matter. Federal courts have limited jurisdiction. If, at any point, a federal court recognizes it lacks subject matter jurisdiction, the court must dismiss the suit, regardless of how far into litigation the case has gone. FED. R. CIV. P. 12(h)(3). One of the bases for jurisdiction is diversity. 28 U.S.C. § 1332. For diversity jurisdiction to apply, the parties must be completely diverse—meaning no plaintiff and defendant are citizens of the same state—and the amount in controversy must exceed $75,000. The Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

A complaint asserting diversity jurisdiction must allege the citizenship of individual parties, not merely residences. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.

Here, the complaint indicates that the Plaintiff is incarcerated at FCI Ashland in Ashland Kentucky. The Defendants are both citizens of Illinois. As pled, the complaint satisfies the amount in controversy requirement but fails to properly plead citizenship—meaning diversity jurisdiction is unclear.

The plaintiff confuses the residency with citizenship. The citizenship of a natural person is based on their domicile; which is the state of their birth unless or until that person has moved to another state *with the intent to remain there indefinitely*. The complaint and the motion for IFP only state the plaintiff's residence, not his citizenship. The plaintiff must plead the citizenship for the Court to evaluate whether it has jurisdiction over this matter.

The Court hereby **ORDERS** Defendants shall have up to and including **November 8, 2024** to amend the faulty pleading to correct the jurisdictional defects. *See* 28 U.S.C. § 1653. Failure to cure the noted defect will result in dismissal of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Defendant is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  October 10, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**