UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CAMERON AUE,

     Plaintiff,

     v.

CAROL ROBINSON and CAROL ROBINSON
IRREVOCABLE TRUST,

     Defendants.

Case No. 3:24-cv-2299-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion for extension of time. (Doc. 9). The

Plaintiff filed the motion on November 7, 2024, in response to an order, (Doc. 7), directing the

him to clarify his citizenship. In a Rule 7.1 disclosure, the Plaintiff claimed to be a citizen of

Kentucky while the Defendant is a citizen of Illinois. (Doc. 8). However, as the Court detailed in

its previous order, the Court is required to engage in rigorous review of the pleadings and facts to

ensure it has jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court finds that

the Plaintiff's 7.1 disclosure offers insufficient evidence of their citizenship to assess jurisdiction.

A person's citizenship is based on their domicile. A person can have one, and only one,

domicile. A person is domiciled in the state of their birth unless or until that person moves to

another state *with the intent to remain there indefinitely*. If a person moves from the state of their

birth to another state, but does not intend to stay in that state indefinitely, their domicile remains

the state of their birth—even if they left the state of their birth and no longer intend to remain

there indefinitely.

In the context of prisoners, being incarcerated in a state does *not necessarily* mean they

are domiciled in that state:

1

The [court] treated the state in which each of these men was imprisoned as the state of [their] citizenship for purposes of diversity jurisdiction. This is incorrect. It should be the state of which he was a citizen *before* he was sent to prison *unless* he plans to live elsewhere when he gets out, in which event it should be that state.

*Singletary v. Continental Ill. Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993) (emphasis added).

Here, the Plaintiff is incarcerated in Kentucky, but public records indicate that the Plaintiff had an extensive history within the state of Illinois. Additionally, the Defendant—the Plaintiff's grandmother—is domiciled in Illinois. While the Plaintiff may remain incarcerated in Kentucky until his release in 2035, unless he intends to remain in Kentucky *after* his release *indefinitely*, then he is not domiciled in Kentucky and, therefore, not a citizen of Kentucky, but ostensibly a citizen of Illinois.

The Plaintiff must provide the Court with the state of his birth, the state he resided in *before* he was arrested, and whether he intends to remain in the state of Kentucky *after* his release. Only with this information can the Court determine the Plaintiff's citizenship.

Accordingly, the Court **GRANTS** the motion for an extension of time to allow the Plaintiff opportunity to correct the complaint and accurately plead their citizenship. The Plaintiff shall have until December 9, 2024, to file his amended complaint. As the Plaintiff has indicated he has already sent a request for a complaint from the Clerk of Court, the Court considers his request for copies unripe at this time.

**IT IS SO ORDERED.**
**DATED:  November 19, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2